IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

STEVEN AUBREY BURNETTE,

    Petitioner,                      No. CIV S-08-2178 DAD P

    vs.

DENNIS SMITH,                        <u>ORDER AND</u>

    Respondent.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a federal prisoner proceeding pro se, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. <u>See</u> 28 U.S.C. § 1915(a).

**BACKGROUND**

        Petitioner, currently confined at the United States Penitentiary in Atwater, commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Therein, he alleges that in March 2008, his custody classification improved from "High In" to "Medium In." Nevertheless, petitioner alleges that he remains confined at USP Atwater in

1

a security housing unit. Petitioner contends that he has suffered several serious assaults from fellow-inmates and repeated retaliation for prison staff as a result of prison officials' refusal to transfer him to a proper facility. Petitioner requests a court order directing the warden and the director of the Bureau of Prisons to transfer him to a medium-security institution. Petitioner also requests a court order directing the warden to make the law library available to inmates in the security housing unit and prohibiting prison officials from retaliating against him. (Pet. at 1-7.)

**ANALYSIS**

The instant petition should be dismissed because petitioner has failed to state a cognizable claim for federal habeas relief. Under § 2241, habeas corpus relief is available to a federal prisoner in custody under the authority of the United States if he can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1) & (3). Here, petitioner does not challenge the fact or duration of his confinement. Rather, petitioner challenges the conditions of his confinement. Petitioner is advised that a civil rights action, not a habeas corpus proceeding, is the proper mechanism for a prisoner seeking to challenge the conditions of his confinement. See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971); see also, e.g., Nostratis v. Surgue, No. CIV F-09-0126 GSA HC, 2009 WL 462732 at *1 (E.D. Cal. Feb. 23, 2009) (petitioner's claim that he should be transferred to another facility should be raised in a Bivens action not a § 2241 habeas corpus proceeding); Evans v. U.S. Penitentiary, No. CIV F-07-1611 OWW GSA HC, 2007 WL 4212339 at *1 (E.D. Cal. Nov. 27, 2007) (petitioner is not entitled to habeas corpus relief under § 2241 because his claims regarding a recent transfer and inadequate medical care concern conditions of his confinement); Blow v. Bureau of Prisons, No. CIV F-07-1119 OWW NEW (DLB) HC, 2007 WL 2403561 at *1 (E.D. Cal. Aug. 20, 2007) (habeas corpus relief under § 2241 does not extend to petitioner's requests for a transfer to another facility and access to the law library because they concern conditions of his confinement); Wilson v. Wrigley, No. CIV F-07-0142 LJO DLB HC, 2007 WL 1378024 at *2 (E.D. Cal. May 10, 2007) (petitioner is not

entitled to habeas corpus relief under § 2241 because his request to be transferred to a different institution does not impact the duration of his confinement); Cassini v. Wrigley, No. CIV F-07-0479 LJO NEW (DLB) HC (E.D. Cal. Apr. 20, 2007) (petitioner is not entitled to habeas corpus relief under § 2241 because his claim that he was transferred to a higher-security facility did not concern the duration of his confinement). Cf. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (state prisoners should challenge conditions of confinement in a civil rights action under 42 U.S.C. § 1983 not in a habeas corpus proceeding). Accordingly, petitioner is not entitled to habeas corpus relief under § 2241, and this action should be dismissed without prejudice to filing a Bivens civil rights action.[1]

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Petitioner's September 16, 2008 application to proceed in forma pauperis (Doc. No. 2) is granted; and

2. The Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas corpus be dismissed without prejudice to filing a Bivens civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

/////

---

[1] Given that plaintiff appears to be challenging the conditions of his confinement at the United States Penitentiary in Atwater, any Bivens civil action he may elect to pursue should be filed in the Fresno Division of this court since the institution of confinement is located in Merced County.

3

1  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

2  F.2d 1153 (9th Cir. 1991).

3  DATED: March 12, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
burn2178.156